UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SHANI GILLINS, : 
    Petitioner, :
 :
              v. :   No. 21-cv-2591
 :
JESSICA KEITH, *et al.*, :
    Respondents. :
_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                                             **October 4, 2021**
**United States District Judge**

**I.    INTRODUCTION**

On June 7, 2021, Petitioner Shani Gillins initiated this action pursuant to 28 U.S.C. § 2241 challenging his pretrial detention on state charges. He did not sign the petition. Gillins also filed an application for leave to proceed *in forma pauperis*, but did not include his certified prisoner account balance statement. On June 11, 2021, the Court issued an Order directing him, within thirty days, to sign the habeas petition and to either submit the $5 filing fee or file a properly certified application to proceed *in forma pauperis*. *See* ECF No. 4. On July 22, 2021, after no response from Gillins, the Court issued a second Order giving Gillins another thirty days to sign his petition and either pay the required $5 filing fee or complete and return the application to proceed *in forma pauperis*, including the required certification of prison assets signed by a prison official. *See* ECF No. 5. Each Order warned Gillins that if he failed to comply, his case would be dismissed without further notice for failure to prosecute. The July Order was returned because Gillins is no longer incarcerated at the address of record and he failed to provide the Court with an updated address, despite being notified of his obligation to do

so.[1] To date, Gillins has failed to provide the Court with a current address or to comply with either Order. After balancing the *Poulis*[2] factors, the action is dismissed.

## II. LEGAL STANDARD

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. See *Poulis*, 747 F.2d at 870. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.

## III. ANALYSIS

The first *Poulis* factor weighs in favor of dismissal of the above-captioned case because as a pro se litigant, Gillins is personally responsible for his actions. See *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor also weighs in favor of dismissal because although the petition has not been served, Gillins's complete failure to litigate this action frustrates and delays its resolution. See *Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court

---

[1] See ECF No. 3 (Notice of Pro Se Guidelines dated June 7, 2021, advising Gillins that under the Local Rules, he must notify "the Clerk of Court within fourteen (14) days of an address change" and that "[f]ailure to do so could result in Court orders or other information not being timely delivered, which may result in [his] case being dismissed for failure to prosecute"); E.D. Pa. Local Rule 5.1(b).
[2] See *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction").

As to the third factor, Gillins has a history of dilatoriness. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). This action was filed almost four months ago and Gillins has failed to even pay the filing fee or file a completed application to proceed *in forma pauperis*, despite two orders to do so. He has also failed to sign the petition and to inform the Court of his address change.

Regarding the fourth factor, because this Court has no explanation for Gillins's dilatoriness, it is unable to determine whether his conduct is in bad faith. This factor is therefore neutral or weighs against dismissal. *But see Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single Poulis factor is dispositive" and that "not all of the Poulis factors need be satisfied in order to dismiss a complaint").

Fifth, monetary sanctions are not an appropriate alternative to dismissal because of Gillins's financial status- he is seeking leave to proceed *in forma pauperis*. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (determining that sanctions are not an alternative sanction to a pro se litigant proceeding *in forma pauperis*").

Finally, in light of the fact that Gillins challenges his pretrial detention and that he is no longer incarcerated, it appears that his claim lacks merit or is moot. *See Garner v. Phila. Prison Sys.*, No. 16-3283, 2016 U.S. App. LEXIS 24035, at *1 (3d Cir. Nov. 15, 2016) (holding that the petitioner's "claims about the conditions of his confinement are also moot as the sole relief requested — immediate release from custody — is no longer available").

## IV. CONCLUSION

After weighing all the *Poulis* factors, the Court dismisses the above-captioned action for Gillins's failure to prosecute.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
